UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY WILLIAMS,

      Plaintiff,                        Case No.

-vs-

                                    Hon.

AUTO CLUB INSURANCE ASSOCIATION, and
MEMBERSELECT INSURANCE COMPANY,

      Defendants.
_____/

**JOHN T. ALEXANDER** (P43789)
Alexander & Angelas, P.C.
Attorneys for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025-4506
(248) 290-5600 / (248) 290-5800 Fax

_____/

**CLASS ACTION COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

     NOW COMES the above-named Plaintiff, Jerry Williams, by and through his attorneys, Law Offices of Alexander & Angelas, P.C., and hereby complains against the above-named Defendants as follows:

**VENUE**

     1.     That Plaintiff is a resident of the County of Wayne, State of Michigan,

     2.     That Defendants, Auto Club Insurance Association and Memberselect Insurance Company, are domestic insurance companies and does business in the State of Michigan, and in particular the County of Wayne with the registered agent located in the City of Dearborn, County of Wayne, State of Michigan.

     3.     That this court has original jurisdiction pursuant to 18 USC § 1961, *et seq*.

4. That this court has supplemental jurisdiction of State Law Claims pursuant to USC § 1367(a).

5. That Defendants are in the business of selling automobile insurance.

6. That this cause of action arose in the County of Wayne when Plaintiff purchased an automobile insurance policy from the Defendants which purportedly contained underinsured coverage. (Please see attached).

7. That the controversy includes Plaintiff's damages and potential damages to other similarly situated insureds who also purchased similar underinsured motorist coverage contained in the automobile insurance policy sold by Defendants includes individuals who purchased said UM/UIM coverage within the last six (6) years.

## GENERAL ALLEGATIONS

8. That Plaintiff, Jerry Williams, and numerous other individuals (hereinafter referred to as "insureds") purchased Uninsured/Underinsured Motorist Coverage (hereinafter referred to "UM/UIM") with limits of $20,000.00 from Defendants.

9. That Plaintiff paid a premium for UM/UIM coverage period. *(Please see attached insurance policy and declaration sheet).*

10. That the purported UIM coverage contained in Plaintiff's insurance policy and for other similarly situated insureds obligated the Defendants to pay a Twenty thousand ($20,000.00) dollar coverage limit if they were hit and injured by a driver who did not maintain adequate insurance.

11. That this $20,000.00 UIM coverage was illusory because it would be impossible for Plaintiff, Jerry Williams, and other similarly situated insureds to ever make a recovery.

12. That the reason Plaintiff, Jerry Williams, and other similarly situated insureds would never recover under the illusory $20,000.00 UIM coverage is because these policy limits are reduced by other insurance, such as the insurance coverage of the at-fault vehicle.

13. That Plaintiff, Jerry Williams, and other insureds who purchased the $20,000.00 UIM coverage would never recover any UIM benefit if struck and injured by another Michigan driver with insurance because Michigan law requires a minimum automobile liability limit of $20,000.00, and by the express language of the policy, other insurance is subtracted from Plaintiff's coverage providing $0.00 (zero) dollars in coverage.

14. That pursuant to MCL § 500.3163 an insurer authorized to sell automobile liability insurance in the State of Michigan must file a written certification that any accidental bodily injury occurring in Michigan arising from the ownership, operation, or use of a motor vehicle by an out of state resident who is insured by an admitted insurer is subject to Michigan's financial responsibility laws.

15. That upon information and belief only twelve (12) states permit automobile liability limits of less than $20,000.00; however, pursuant to MCL § 500.3163 if a driver from one of these states insured by an admitted insurer causes a personal injury motor vehicle accident in the State of Michigan, the out of state automobile policy of the admitted carrier must provide $20,000.00 in minimum liability coverage by operation of MCL § 500.3163.

16. That if Plaintiff, Jerry Williams, and/or other similarly situated insureds who purchased the $20,000.00 UIM coverage were struck by a Michigan driver with insurance, or an out of state driver insured by an admitted insurer, the other driver, by law, would have at least a $20,000.00 liability limit which would negate the purported UIM coverage in Defendants' policy.

17.     That a driver or vehicle owner with less than $20,000.00 worth of liability insurance would have to be from a minority state which permits less than $20,000.00 in liability coverage <u>and</u> would have to be insured by an insurance carrier which is a non-admitted insurer within the meaning of MCL § 500.3163.

18.     That in the *extremely* unlikely event a driver from another state carrying less than $20,000.00 worth of insurance on their vehicle and insured by a non-admitted insurer caused a personal injury motor vehicle accident in the State of Michigan to the Plaintiff, Jerry Williams, or other similarly situated insureds, the UIM coverage would still not afford any coverage because Defendants' insurance policy defines an "*uninsured motor vehicle*" (as opposed to an *underinsured motor vehicle*) as to which, a bodily injury liability bond or policy which provides less than the minimum limits required by the financial responsibility law of the State of Michigan."

19.     That, therefore, in the *extremely* unlikely event that Plaintiff, Jerry Williams, or other similarly situated insureds of the illusory $20,000.00 UIM coverage sold by Defendants were struck by a driver carrying less than a $20,000.00 liability limit, this would be defined as an "uninsured motor vehicle" by the terms of Defendants' policy and would not be covered under the underinsured motorist coverage.

## COUNT I

## FRAUD AND MISREPRESENTATION

20.     That Plaintiff realleges and reaffirms by reference herein paragraphs 1 through 19 above as though more fully set forth herein.

21.     That under Michigan law, the relationship between insured and their insurer is sufficient to permit fraud to be predicated upon a misrepresentation.

22. That under Michigan law, there arises a duty of an insurance company not to deceive its insureds.

23. That Plaintiff, Jerry Williams, and other similarly situated insureds who purchased Defendants' illusory UIM coverage were deceived because there is no possible factual scenario obligating Defendants to pay the $20,000.UIM coverage.

24. That Defendants made a material representation that Plaintiff, Jerry Williams, and other similarly situated insureds who purchased the Defendant's' illusory UIM coverage would have a $20,000.00 potential benefit, when in fact they did not.

25. That this representation was false because there is no possible scenario where this $20,000.00 UIM benefit would be paid.

26. That Defendants knew that the $20,000.00 UIM coverage was false or illusory and/or recklessly placed it in their policy without any knowledge of its truth.

27. That Defendants offered the illusory $20,000.00 UIM coverage in its policy with the intention that Plaintiff, Jerry Williams, and other similarly situated insureds would act upon it by purchasing UIM coverage at an additional premium.

28. That Plaintiff, Jerry Williams, and other similarly situated insureds acted in reliance upon this false representation and paid the extra premium for the illusory UIM coverage.

29. That Plaintiff, Jerry Williams, and other similarly situated insureds suffered injury by paying for an illusory coverage.

## COUNT II

### CONSTRUCTIVE OR SILENT FRAUD

30. That Plaintiff realleges and reafirms by reference herein paragraphs 1 through 29 above as though more fully set forth herein.

31. That the selling of the illusory UIM coverage to Plaintiff, Jerry Williams, and other similarly situated insureds in the State of Michigan is a breach of the Defendants' legal or equitable duty not to deceive the Plaintiff, Jerry Williams, and other insureds.

32. That the Defendants represented to the Plaintiff, Jerry Williams, and other similarly situated insureds that the $20,000.00 UIM coverage could potentially provide a benefit.

33. That unbeknownst to the Plaintiff, Jerry Williams, and other similarly situated insureds who purchased the illusory $20,000.00 UIM coverage, they could never avail themselves of that benefit.

34. That the Defendants failed to disclose to Plaintiff, Jerry Williams, and other similarly situated insureds who purchased the illusory $20,000.00 UIM coverage, the material fact that there could never be a claim paid under that coverage.

35. That Defendants knew at the time of their representations that the UIM coverage being offered was false or illusory and/or offered the UIM coverage recklessly or without any knowledge of its truth.

36. That Defendants offered the illusory $20,000.00 UIM coverage in its policy with the intention that Plaintiff, Jerry Williams, and other similarly situated insureds would act upon it by purchasing UIM coverage at an additional premium.

37. That Plaintiff, Jerry Williams, and other similarly situated insureds acted in reliance upon the constructive or silent fraud perpetrated by Defendants and paid an extra premium for the illusory UIM coverage.

38. That Plaintiff, Jerry Williams, and other similarly situated insureds suffered injury by paying for an illusory coverage that would never be paid.

## COUNT III

## UNJUST ENRICHMENT

39. That Plaintiff realleges and reafirms by reference herein paragraphs 1 through 38 above as though more fully set forth herein.

40. That the Defendants in selling an illusory UIM benefit received premiums from Plaintiff, Jerry Williams, and other similarly situated insureds by way of an additional premium.

41. That Defendants has been unjustly enriched by receiving these premiums for the illusory UIM coverage.

42. That the Defendants received a benefit from the Plaintiff, Jerry Williams, and other similarly situated insureds of the illusory UIM benefit and inequity resulted to the Plaintiff, Jerry Williams, and other insureds of this illusory benefit.

## COUNT IV

## BREACH OF CONTRACT

## (ILLUSORY PROMISE/COVERAGE)

43. That Plaintiff realleges and reafirms by reference herein paragraphs 1 through 42 above as though more fully set forth herein.

44. That the Plaintiff and other similarly situated insureds were competent to contract with the Defendants for automobile insurance coverage.

45. That the Plaintiff and other similarly situated insureds paid a premium for the $20,000.00 UIM coverage, that provided no benefit.

46. That in consideration for the premium the Defendants agreed and was obligated to provide $20,000.00 of UIM coverage.

47. That Defendants breached this agreement (illusory promise) because there is no factual scenario were Defendants would ever pay to the Plaintiff or the similarly situated insureds the $20,000.00 UIM coverage.

48. That as a result of the breach of the contract, the Plaintiff and other similarly situated insureds suffered damages as set forth, *infra*.

## COUNT V

## VIOLATION OF PUBLIC POLICY

## (ILLUSORY PROMISE/COVERAGE)

49. That Plaintiff realleges and reaffirms by reference herein paragraphs 1 through 48 above as though more fully set forth herein.

50. That the Defendants' purported UIM coverage (which provides no coverage whatsoever) was an illusory benefit which is a violation of public policy.

51. That furthermore the Defendants charged a single premium for two conceptually distinctive type of coverage.

52. That said coverage was a delusion to Plaintiff Jerry Williams and other similarly situated insured as the UIM coverage is functionally non-existent.

53. That furthermore since the UIM coverage is functionally non-existent, this amounts to an illusory promise on behalf of the Defendants.

## COUNT VI

## CONVERSION

54. That Plaintiff realleges and reaffirms by reference herein paragraphs 1 through 53 above as though more fully set forth herein.

55. That Defendants, by taking premiums for illusory insurance coverage, were exercising dominion and control over the money of Plaintiff Jerry Williams and other similarly situated insureds, and is liable for common law conversion.

56. That Defendants knowingly converted property, and is liable to Plaintiff and other insureds for statutory conversion.

57. That MCL 600.2919(a) provides that Plaintiff and other insureds are entitled to actual damages, treble damages, and attorney fees and other reasonable costs for statutory conversion.

## COUNT VII

## RICO ACT

58. That Plaintiff realleges and reaffirms by reference herein paragraphs 1 through 57 above as though more fully set forth herein.

59. That this count has original jurisdiction pursuant to USC §1961, *et seq.* The Racketeer Influenced and Corrupt Organizations Act (hereinafter referred to as RICO).

60. That the RICO Act defines racketeering activity as involving fraud through the mails.

61. That the selling of illusory UIM coverage, receiving payment and offering no benefit, is a fraud and swindle which is defined by 18 USC § 1341 as a scheme or artifice to defraud or for obtaining money or property by means of false or fraudulent pretenses… by the postal service.

62. That Defendants defrauded the Plaintiff and other similarly situated insureds when said plaintiffs paid premiums for UIM coverage which was a purported benefit which would never have to be paid.

63. That Defendants received premiums through the mail and mailed the fraudulent insurance policy to several thousands of its insureds makes it a qualifying predicate act under the RICO Act.

64. That the fraudulent insurance policy was the same for many thousands of its insureds over several years which constitutes an open-ended continuing enterprise by the Defendants while conducting their ongoing legitimate business.

65. That the Defendants' conduct amounts to a pattern of racketeering as the fraudulent insurance policy was mailed, at a minimum, to several thousands of its insureds who purchased the purported UIM coverage.

66. That the Defendant as a large insurance company satisfies the requirement that it is an enterprise.

67. That pursuant to 18 USC § 1964 civil remedies available to Plaintiff, Jerry Williams, and other similarly situated insureds include reasonable attorney fees, and treble damages.

## COUNT VIII

## CLASS ACTION ALLEGATIONS

68. That Plaintiff realleges and reaffirms by reference herein paragraphs 1 through 67 above as though more fully set forth herein.

69. That the Defendants have hundreds of thousands of insureds who are Michigan residents which create a class so numerous that joinder of all members is impractical. (MCR 3.501(a).

70. That the question of whether the Defendants offered illusory UIM insurance coverage and defrauded the Plaintiff, Jerry Williams, and other similarly situated insureds involves

questions of law or fact that predominate over questions common to the members of the class (MCR 3.501(b) affecting only individuals members.

71. That the claims or defenses of the representative class parties are typical of the claims or defenses of the entire class. (MCR 3.501(c)).

72. That the prospective Plaintiff class representative, Jerry Williams, will fairly and adequately protect the interest of the entire class. (MCR 3.501(d)).

73. That maintenance of the action as a class action will be superior to other available methods of adjudication in promoting the convenient administration of justice. (MCR 3.501(e)).

74. That prosecuting the multitude of separate actions by or against individual class members would create a risk of inconsistent or variant adjudications with respect to individual class members and would establish incompatible standards of conduct for the party opposing the class.

## DAMAGES

75. That as a consequence of the various aforementioned violations of law, Plaintiff and other similarly situated insureds suffered damages.

76. That Plaintiff, Jerry Williams, and other similarly situated insureds who purchased Defendants' illusory UIM insurance coverage request all damages under Michigan and Federal law including the following damages:

   a. Actual damages;

   b. Treble damages;

   c. Unjust enrichment damages;

   d. Attorney fees;

   e. Court costs; and,

   f. Interest.

## RELIEF REQUESTED

WHEREFORE, Plaintiff, Jerry Williams, respectfully requests an order granting class certification of this action, all damages requested, attorney fees, court costs, and interest as permissible by law, together with an Order enjoining Defendants from further offensive conduct in violation of public policy, fairness and equity.

                                                        Law Offices of
                                                      ALEXANDER & ANGELAS, P.C.

                                                      By:  /s/ John T. Alexander
                                                           JOHN T. ALEXANDER (P43789)
                                                           Attorney for Plaintiff
                                                           30200 Telegraph Road, Suite 400
                                                           Bingham Farms, MI 48025
                                                           (248) 290-5600
                                                           john@alexanderandangelas.com

DATED:  November 7, 2012

## JURY DEMAND

NOW COMES the above named Plaintiff, Jerry Williams, by and through his attorneys, Law Offices of Alexander and Angelas, P.C., and hereby demands a trial by jury.

                                                        Law Offices of
                                                      ALEXANDER & ANGELAS, P.C.


                                                      By: /s/ John T. Alexander
                                                          JOHN T. ALEXANDER (P43789)
                                                          Attorney for Plaintiff
                                                          30200 Telegraph Road, Suite 400
                                                          Bingham Farms, MI 48025
                                                          (248) 290-5600
                                                          john@alexanderandangelas.com

DATED:  November 7, 2012